LOTTINGER, Judge.
This is a breach of contract action to recover damages for the allegedly unwork-manlike performance of a contract to lay a cement foundation for a mobile home. The plaintiffs, Didia and Judy Guidry, filed the action against two defendants — Statewide Trailer Sales, Inc. (Statewide), the seller of the mobile home, and Lafourche Concrete, Inc., the company which laid the foundation. Plaintiffs seek $6,017.40 for the cost of the corrective work, $50.00 per day for the three to five day period that the corrective work will take place, and any additional amount for mental anguish. From a judgment in favor of defendants, plaintiffs appeal.
The plaintiffs purchased a Leisurama Mobile Home from Statewide for $17,854.50. The price included delivery, blocks and tie *145 downs. When plaintiffs requested that a concrete slab be laid for the trailer, the salesman for Statewide contacted La-fourche Concrete, Inc., with which Statewide had close business ties. One of the plaintiffs apparently spoke to a representative of Lafourche Concrete over the telephone, and an oral agreement to lay the foundation was reached. The agreement called for a four inch slab measuring 30' by 60' for a price of $2,000.00.
Employees of Statewide and Lafourche Concrete jointly participated in the laying of the slab and the placement of the trailer upon it. However, the slab was laid without reinforcing steel or wire. When the trailer was moved onto the concrete, the slab cracked in one place, and as the trailer settled a number of other cracks began to appear. The cracking, sinking slab caused about four inches of water to collect under the trailer and caused the trailer to become unleveled. The water often stagnated and smelled, according to the plaintiffs’ testimony.
An expert for the plaintiffs testified that absence of reinforcing steel wires inside the slab made it impossible for the slab to withstand the pressure of the weight upon it. Lack of reinforcing steel wires caused the slab to crack and the problem was aggravated by improper blocking of the trailer, the expert said. Employees of the defendant companies admitted in their testimony that they did not block the trailer according to manufacturer’s specification. Without written reasons, the trial judge held that there was no breach of contract by either of the defendants. He wrote in his judgment that he was “of the opinion that the plaintiffs . .. had failed to prove their demands.”
Under Louisiana law, a contractor who undertakes a construction project must perform the work in a skillful and workmanlike manner. La.C.C. art. 2769. In a suit to impose liability on a contractor for poor workmanship or noncompliance with the contract, a plaintiff must prove his case by a preponderance of the evidence, either direct or circumstantial. A & M Pest Control Service, Inc. v. Fejta Construction Company, Inc., 338 So.2d 946 (La.App. 4th Cir. 1976).
Our review of the record convinces us that the plaintiffs have proven their case by a preponderance of the evidence. When Lafourche Concrete agreed to lay the slab, they knew that the slab was to be used as a foundation for a Leisurama trailer, a type of trailer with which they had dealt in the past. Implicit in such a contract to lay a slab for a mobile home is the obligation to lay a slab that will withstand the pressure exerted upon it when the mobile home is blocked thereon. Failure of Lafourche Concrete to place reinforcing steel wires in the slab was a breach of that company’s contract with the plaintiffs. The breach of contract caused the damages sued for in this case.
We are also of the opinion that Statewide Trailer Sales breached its contract with the plaintiffs by failing to properly block the trailer. Statewide’s breach was also partially responsible for the damages sued upon by the plaintiffs.
The unrebutted testimony of the plaintiffs and their expert identified, by a preponderance of the evidence, the cause of the defects, the conditions resulting from the defects and the price necessary to correct the defects. The defendants will be cast solidarily for the amount of $6,017.40 for the cost of the corrective work and $250.00 for the plaintiffs to obtain accommodations while the corrective work is taking place. We reject the plaintiffs’ claim for damages for mental anguish.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed. Judgment is rendered in favor of the plaintiffs, and the defendants will bear all costs in both the trial court and in this court.
REVERSED AND RENDERED.